IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MARILYN DONALD and ) <br> CHARLES DONALD, as next-of-kin and ) <br> wrongful death representative of ) <br> the late MARCUS DONALD and ) <br> in their individual capacities, ) <br> ) <br> PLAINTIFFS ) <br> )      Civil Action No. <br> v. )      2:23-cv-02738-TLP-atc <br> ) <br> FLOYD BONNER, Jr., KIRK FIELDS; ) <br> TERRI PARKER s-; FILMORE VARNER, ) <br> s-7792; NATASHA WILLIAMS, ) <br> s-DONTREAL HAWKINS, s-8024; ) <br> KIMBERLY WALLACE, s-11184; ) <br> BRENDA McCOY, s-5447; ) <br> D. "HOT ROD" ROBERTSON, s-5089; ) <br> THIRD-FLOOR CONTROL ROOM ASSIGNEE, ) <br> as designated on the Men's Jail ) <br> Staffing Roster for Charlie Shift ) <br> November 17-18, 2022; and the GOVERNMENT ) <br> of SHELBY COUNTY, TENNESSEE, ) <br> ) <br> DEFENDANTS. ) | |

---

**DEFENDANT BONNER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8 AND AGREED REQUEST TO STAY RESPONSIVE PLEADING DEADLINE**

---

Comes now Defendant, Sheriff Floyd Bonner, Jr., in his individual capacity, pursuant to Rules 6 and 8 of the Federal Rules of Civil Procedure and Local Rule 7.2 and would state as follows:

1

## RELEVANT FACTS

1. On January 12, 2024, Defendant Shelby County, Tennessee (hereinafter "the County") filed a Motion to Dismiss the Complaint in this case pursuant to Rule 8 of the Tennessee Rules of Civil Procedure.

2. The County's motion to dismiss was predicated on the following assertions:

    > 1. Plaintiffs' Complaint is unnecessarily lengthy and voluminous, including the large volume of exhibits attached thereto; 2. Plaintiffs' Complaint is replete with irrelevant and immaterial content, including, but not limited to, nearly 100 footnotes citing to various purported secondary sources; 3. Plaintiffs' Complaint is largely comprised of legal and other conclusions, hyperbole, disparagement, argument, and charged language masquerading as factual allegations; 4. Plaintiffs' Complaint obfuscates the claims and, importantly, the material facts upon which Plaintiffs purport to rely for those claims; 5. Plaintiffs' Complaint is unnecessarily confusing; 6. The County cannot discern what precise, allegedly unlawful conduct, it is being charged with engaging in; 7. The County cannot identify what facts it is intended to affirmatively admit or deny; 8.The burden and expense to attempt to answer —or move to dismiss pursuant to Fed. R. Civ. P. 12— is unnecessarily and unjustifiably increased; 9. Plaintiffs' Complaint wastes the time and resources of both the parties and the Court; and 10. The County is prejudiced if required to answer the Complaint in its present form.

    *See* ECF No. 14.

3. The County's position regarding the Complaint is shared by Defendant Bonner.

4. The County's motion was predicated solely on Rule 8 of the Federal Rules of Civil Procedure and did not reference or rely upon Rule 12 of the Federal Rules of Civil Procedure. *See* ECF No. 14-1. Accordingly, Plaintiffs' response to the County's Motion was due on January 26, 2024, pursuant to Local Rule 7.2.[1]

---

[1] Local Rule 7.2 provides that the "response to the motion and its supporting memorandum, unless the motion is pursuant to Fed. R. Civ. P. 12(b) and (c) or 56 (see LR 12.1(b) ) shall be filed within 14 days after service of the motion."

5. On February 9, 2024, counsel for Plaintiffs consulted via email with counsel for the Defendants regarding a request to extend the deadline to respond to the County's Rule 8 Motion on the basis that Plaintiffs "may need to amend [the] complaint" "in lieu of filing [a] response to [the County's] Rule 8 motion to dismiss" based on some of the early discovery provided to Plaintiffs by the County.

6. Counsel for the County indicated that Plaintiffs' request may complicate the timing for other Defendants' responses[2] to the original complaint and proposed an agreement whereby Plaintiffs may amend within seven days from the date of counsel's agreement (February 9, 2024) but also providing that "if no amendment is filed, that any responsive pleadings due to the original complaint from any defendant is also stayed for ten [10] days from the date of our agreement. If the plaintiff files an Amended Complaint, then Defendants will have until 14 days after service to respond as contemplated by rule."

7. Counsel for Plaintiffs indicated agreement with this strategy but failed to incorporate the entire agreement of the parties in the body of Plaintiffs' motion for extension or in the proposed order submitted by counsel for Plaintiffs.[3] *See* ECF 27. The language proposed by counsel for the County was only inserted in the Certificate of Consultation, which was located at the end of Plaintiffs' motion for extension of time. *See* ECF 27.

---

[2] Plaintiffs have sued not only the County but thirteen named individuals in their individual capacity. Sheriff Bonner, in his individual capacity, agreed to waive service on December 15, 2023 and therefore, his responsive pleading is due on February 13, 2024. Based on the Court record, it appears that several individuals have not yet been served and numerous individuals have been recently served but not yet noticed an appearance. Counsel for the County aptly recognized that the filing of an amended complaint could impact the timing and preparation of defendants' responsive pleadings.

[3] Plaintiffs' proposed order for its motion for extension of time fails to suspend responses from all Defendants as agreed.

8. Defendant Floyd Bonner Jr., expressly moves the Court for an Order staying Defendant Bonner's obligation to respond to the Complaint until Tuesday February 20, 2024 in accordance with the parties agreement on February 9, 2024.  *See* ECF 27.

9. In addition, Defendant Bonner hereby incorporates and joins in the County's previously filed motion to dismiss the Complaint under Rule 8 of the Federal Rules of Civil Procedure. Defendant Bonner hereby expressly adopts and incorporates the County's Motion, filed as ECF No. 14, as if set forth herein verbatim, as well as the County's memorandum in support of the Motion, filed as ECF No. 14-1, as if set forth herein verbatim.

## APPLICABLE LAW

Federal Rules of Civil Procedure 6 (b) provides that a court, in its discretion, may enlarge the time under which an act was to be done.  If a request is made, before the original time or its extension expires, "the court may, for good cause, extend the time ... with or without motion or notice . . . ." Fed. R. Civ. P. 6(b)(1)-(1)(A).  The instant motion is filed before the time for responding to the Complaint has expired, which is presently February 13, 2024.  Defendant submits that the delay was agreed to by Plaintiffs counsel but omitted from Plaintiffs' proposed order submitted to the Court via email on Friday February 9, 2024.  Moreover, it is not in the interest of justice to require a Defendant to respond to the original Complaint following Plaintiffs disclosure regarding the likelihood of filing an amended complaint on or before February 16, 2024.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2 (a)(1)(B), counsel for Plaintiffs agreed to the extension requested herein via email on February 9, 2024 in furtherance of Plaintiffs desire to delay responding to the County's Rule 8 Motion to Dismiss. *See* ECF 27, certificate of consultation.

4

Respectfully submitted,

 /s/ Brandy S. Parrish
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
The Wade Law Firm, PLLC
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
(901) 322-8005
awade@thewadefirm.com
bparrish@thewadefirm.com
Attorneys for Defendant Sheriff Bonner

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record, specifically including adversary counsel listed below, by electronic means of filing with this Court's CM/ECF System, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, 13th day of February 2024 to:

Jacob Webster Brown
Sara McKinney
**APPERSON CRUMP, PIC**
6000 Poplar Avenue, Suite 150
Memphis, TN 38119

Robert D. Meyers
Aubrey B. Greer
Danielle Rassoul
**GLANKLER BROWN, PLLC**
6000 Poplar Ave., Suite 400
Memphis, TN 38119

 /s/  Brandy S. Parrish
Brandy S. Parrish

5