# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARILYN DONALD, and CHARLES DONALD, as next-of-kin and wrongful-death representatives of the late MARCUS DONALD, and in their individual capacities, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FLOYD BONNER, JR., et al., | ) ) |
| Defendants. | ) ) |

No. 2:23-cv-02738-TLP-atc

JURY DEMAND

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a Scheduling Conference was held on April 25, 2024. Present were Jacob W. Brown, William R. Faulk, and Sara K. McKinney, counsel for Plaintiffs, and Robert D. Meyers, Allen Wade, and Brandy S. Parrish, counsel for Defendant. At the Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** May 16, 2024.

**MOTIONS TO JOIN PARTIES:** June 21, 2024.

**MOTIONS TO AMEND PLEADINGS**: June 21, 2024.

**MOTIONS TO DISMISS**: July 22, 2024

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**     **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** July 17, 2024

                Mediator must file Mediation Certification Form:
                https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **MEDIATOR'S NAME:**

    **STIPULATION FILING DATE:** June 1, 2024

(If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY:** December 20, 2024

    **(a)**    **WRITTEN DISCOVERY[1]:** December 20, 2024

    **(b)**    **DEPOSITIONS:** December 20, 2024

    **(c)**    **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** October 18, 2024

        **(2)**    **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** November 20, 2024

        **(3)**    **EXPERT WITNESS DEPOSITIONS:** December 20, 2024

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS:** January 17, 2025

**SUPPLEMENTATION UNDER RULE 26(e)(1):** December 20, 2024

**FILING DISPOSITIVE MOTIONS:** January 17, 2025

**JOINT PROPOSED PRETRIAL ORDER DUE:** May 23, 2025, by close of business
(E-Mail Joint Proposed Pretrial Order in Word format to:
ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** May 30, 2025, at 10:30 am

**NON/JURY TRIAL:** June 23, 2025, at 9:30 a.m. Trial is anticipated to last approximately 7–8 days.

    The parties do not consent to trial before the Magistrate Judge.

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

**OTHER RELEVANT MATTERS**:

All dispositive motions and responses to such motions must not exceed thirty (30) pages.

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

The parties are ordered to engage in ADR before the close of discovery. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. And under LR 16.3(d), within seven (7) days after the mediator submits the Mediation Certification, the parties shall file a notice confirming that ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**SO ORDERED**, this 25th day of April, 2024.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE