IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARILYN DONALD and ) <br> CHARLES DONALD, as next-of-kin and ) <br> wrongful death representative of ) <br> the late MARCUS DONALD and ) <br> in their individual capacities, ) <br> ) <br> PLAINTIFFS ) <br> ) Civil Action No. <br> v. ) 2:23-cv-02738-TLP-atc <br> ) <br> FLOYD BONNER, Jr., KIRK FIELDS; ) <br> TERRI PARKER s-; FILMORE VARNER, ) <br> s-7792; NATASHA WILLIAMS, ) <br> s-DONTREAL HAWKINS, s-8024; ) <br> KIMBERLY WALLACE, s-11184; ) <br> BRENDA McCOY, s-5447; ) <br> D. "HOT ROD" ROBERTSON, s-5089; ) <br> THIRD-FLOOR CONTROL ROOM ASSIGNEE, ) <br> as designated on the Men's Jail ) <br> Staffing Roster for Charlie Shift ) <br> November 17-18, 2022; and the GOVERNMENT ) <br> of SHELBY COUNTY, TENNESSEE, ) <br> ) <br> DEFENDANTS. ) | |

**MOTION TO STAY TO DISCOVERY AND INCORPORATED
MEMORANDUM OF LAW**

COMES NOW Defendant Sheriff Floyd Bonner ("Sheriff Bonner"), in his individual capacity, pursuant to LR 7.2, to move this Court for a Stay of Discovery in this case and would shows as follows:

**BACKGROUND**

Plaintiffs bring the First Amended Complaint [ECF No. 37] against Shelby County, Tennessee and various persons in their individual capacity including Sheriff Floyd Bonner, Jr.,

1

pursuant to 42 U.S.C. § 1983 and asserting violations the Eighth and Fourteenth Amendments to the United States Constitution. ECF No. 37, ¶¶ 1, 9. As it pertains to Defendant Sheriff Bonner, Plaintiffs assert in Count (7) Seven that Sheriff Bonner is liable under a theory of supervisory liability pursuant to 42 U.S.C. § 1983. On May 7, 2024, Sheriff Bonner filed a motion to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted. Sheriff Bonner has also asserted the defense of qualified immunity. Sheriff Bonner's motion to dismiss is not yet ripe for review. On Thursday May 2, 2024, Plaintiffs indicated a desire to take Sheriff Bonner's deposition in this matter. Accordingly, Defendant Bonner moves the Court to stay discovery as to him and to stay discovery in the case against Defendant Shelby County during the pendency of Bonner's motion to dismiss based on qualified immunity. Defendants Shelby County and Chief Jailer Fields have advised Bonner's counsel that they will not oppose Sheriff Bonner's motion to stay discovery.

## LAW AND ARGUMENT

1. **Sixth Circuit precedent requires a stay of discovery in this case until the issue of qualified immunity is resolved.**

Qualified immunity is an immunity from suit rather than a mere defense to liability. *See e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Id*. When a defendant seeks dismissal on the basis of qualified immunity, a stay of discovery must be granted until the issue of immunity is resolved. *See Kennedy v. Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) ("Because [then-recent Supreme Court decision] *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell*

2

necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (citing *Mitchell*, 472 U.S. at 526); *see also Eng. v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (holding that "while the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery").

As the Sixth Circuit's recent opinions in *Crawford v. Tilley*, 15 F.4th 752, 763–64 (6th Cir. 2021) and *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022), courts have "a duty to address" qualified immunity when it is "properly raised prior to discovery."  The Court in *Myers* expressly found that the district court's failure to meaningfully evaluate defendants' assertion of qualified immunity prior to discovery was error.  Additionally, the opinion in *Myers* explains that the second prong of the qualified immunity analysis "'is sometimes difficult' on the pleadings, since that 'inquiry may turn on case-specific details that must be fleshed out in discovery.'"[1]  *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022) (quoting *Crawford*, 15 F.4th at 765).   In the instant case, Sheriff Bonner asserts qualified immunity based on the first and the second prong of the qualified immunity analysis.  The court in "*Crawford* made crystal clear" that the first prong is not covered by any so-called general preference against resolving affirmative defenses at the pleading stage.  *Myers*, 41 F.4th at 759.   Further, the opinions in *Myers* and *Crawford* both reiterate that the Supreme Court has consistently stated that one of the goals of qualified immunity is not only to help defendants avoid unnecessary trials but also to allow defendants to avoid pre-trial discovery.  *Harlow*, 457 U.S. at 808, 102 S.Ct. 2727; *see also Mitchell*, 472 U.S. at 526, 105 S.Ct. 2806; *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). And for avoiding pretrial discovery, "a motion to

---

[1] In order to overcome a defense of qualified immunity, a plaintiff must demonstrate both that the defendant's conduct violated a constitutional right and that the right was clearly established at the time of the violation. *Peatross*, 818 F.3d at 240.; *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 357 (6th Cir. 2013).

dismiss is conclusive as to this right." *Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Indeed, as noted by the *Crawford* court, the Supreme Court "reformulated the qualified immunity test by eliminating the subjective-good-faith requirement precisely because that requirement was permitting some qualified immunity cases to advance further than they should." *Crawford v. Tilley*, 15 F.4th at 763–64.

Accordingly, Sheriff Bonner respectfully submits that a stay of discovery as to Sheriff Bonner pending resolution of his qualified immunity defense is both warranted and required in the instant case.

2. **This Court should exercise its discretion to stay further discovery as to Defendant Shelby County Government, during the pendency of Sheriff Bonner's motion to dismiss.**

The issues in this case cannot be bifurcated such that the case could logically proceed against Shelby County Government, even if it is stayed as to Sheriff Bonner. Indeed, the Supreme Court has ruled that this kind of proposal is unworkable. As the *Iqbal* Court explained:

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685–86, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). Courts have relied on this language from *Iqbal* as foreclosing all discovery until qualified immunity is resolved. *See, e.g., Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) ("So the district court would have allowed [Plaintiff] to proceed with discovery on her [municipal liability] claim, including by noticing depositions for all eight of the individual defendants

4

asserting qualified immunity. *Iqbal* squarely forecloses that, too.") (citing *Iqbal*, 556 U.S. at 685-86). The decision in *Camp* squarely addresses and rejects the idea of allowing "Monell" discovery while discovery is stayed as to individual Defendants. As the *Camp* Court aptly found on the issue of propriety of permitting *Monell* discovery to proceed during a stay pending resolution of qualified immunity:

> First, there are significant differences between naming an individual defendant and then deposing him in two capacities (one personal and the other Monell/official) and not suing the individual and deposing him only in his Monell/official capacity. The former puts the individual's own money on the line. And the dual-capacity defendant must be particularly careful in a deposition about how his answers can be used against him in not one but two ways. So the stakes differ substantially. Carswell cannot elide these differences by saying the defendant would have to testify either way.
>
> Second, it's no answer to say the defendant can be deposed twice—once on Monell issues (before the district court adjudicates the immunity defense) and once on personal-capacity issues (afterwards). It only exacerbates the burdens of litigation to make a defendant sit for two depositions instead of one. And it turns qualified immunity on its head by doubling the "heavy costs" of litigation. Iqbal, 556 U.S. at 685, 129 S.Ct. 1937.
>
> Third, Carswell conceded at oral argument that bifurcation of discovery would radically complicate the case. Carswell suggested that a special master could be appointed to police the Monell/official-capacity depositions so that no party could cross the line into personal-capacity questions before the district court adjudicated the immunity defense. But the very fact that Carswell can foresee the need for a special master proves that bifurcated discovery imposes unreasonable burdens on the defendants.

*Camp*, 54 F.4th at 313-314. Although not a Sixth Circuit decision, the Court in Camp relies exclusively on United States Supreme Court precedent in its analysis. *Camp*, 54 F.4th at 313-314 ("Today we clarify the governing law. And we trust that will harmonize our circuit's discovery practices with the Supreme Court's instructions." Id. at 314.). Accordingly, the

5

Supreme Court precedent relied on by *Camp* is binding on all federal courts and the Fifth Circuit's analysis of an identical issue in *Camp* utilizing binding Supreme Court precedent is, at worst, extremely persuasive. Defendant further submits that this analysis is consistent with the most recent Sixth Circuit decisions addressing qualified immunity.

Defendant seeks to postpone all discovery as to Bonner as well as discovery as to Defendant Shelby County during the pendency of Bonner's motion to dismiss. Bonner was not personally involved in any alleged unconstitutional conduct against Donald. Instead, the claims against Bonner bear striking resemblance to the *Monell* claims against Shelby County predicated on a policy, failure to act, failure to train, or failure to carry out a particular policy. Thus, any attempt to depose Bonner or other Defendants on the "*Monell* issues" would overlap with the individual liability allegations for which Bonner claims qualified immunity.[2] Moreover, Defendant Bonner would still be required to participate in any deposition discovery conducted by the other parties in order to avoid any prejudice to his position in this lawsuit. Indeed, the Supreme Court expressly acknowledged that such an arrangement, *i.e.*, deferral of discovery for a potentially immune party "while pretrial proceedings continue for other defendants", does not free potentially immune defendants "from the burdens of discovery." *See Iqbal*, 556 U.S. 662, 685–86. Under the circumstances and the facts of this case, Defendant Bonner respectfully submits that further discovery in this case should be stayed as Defendant Bonner and to Defendant Shelby County until Sheriff Bonner's motion to dismiss based on qualified immunity is adjudicated.

---

[2] Except for Chief Jailer Fields, the other individual Defendants have answered and the claims against them are based on specific facts unique to them, which do not overlap with any of the non-specific allegations against Bonner.

## CONCLUSION

For all these reasons, the Defendant respectfully requests that all discovery in this case be stayed as to Sheriff Bonner and as to Defendant Shelby County until the Court rules on Sheriff Bonner's qualified immunity defense raised in his motion to dismiss.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2 (a)(1)(B), undersigned counsel for Defendant has consulted with (i) Plaintiff's counsel, Jake Brown, via email on May 8, 2024 who advised that Plaintiffs do not consent to a stay of all discovery pending resolution of Sheriff Bonner's Motion to Dismiss, and (ii) counsel for Defendants Shelby County and Kirk Fields via telephone on May 7, 2024, to determine their position on Defendant Bonner's motion to stay discovery.  Plaintiff opposes Defendant's motion to stay discovery.  Defendants Shelby County and Chief Jailer Fields indicated that they will not oppose Sheriff Bonner's motion to stay discovery.

Respectfully submitted,

THE WADE LAW FIRM, PLLC

 /s/ Allan J. Wade
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
The Wade Law Firm, PLLC
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
(901) 322-8005
awade@thewadefirm.com
bparrish@thewadefirm.com
Attorneys for Defendant Sheriff Bonner

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record, by electronic means of filing with this Court's CM/ECF System, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, on this 8th day of May 2024.

      /s/  Allan J. Wade