IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARILYN DONALD and CHARLES DONALD, as next-of-kin and wrongful death representative of the late MARCUS DONALD, in their individual capacity,<br><br>　　　Plaintiffs,<br><br>v.<br><br>FLOYD BONNER, JR., et al.,<br><br>　　　Defendants. | No. 2:23-cv-02738-TLP-atc<br><br>JURY DEMAND |

**PROTECTIVE ORDER**

Before the Court are the individual Defendants' and Plaintiffs' Motion for Agreed Protective Order, filed June 11, 2024. (ECF No. 93 )  For good cause shown, the Court **ADOPTS** the Agreed Protective Order.

One or more of the individual Defendants has now or will soon file a Motion to Dismiss or in the alternative for Summary Judgment, based in part on Qualified Immunity. The individual Defendants have asserted and continue to assert that they are immune from suit based on Qualified Immunity and therefore, they do not have to sit for their depositions. Nonetheless, to streamline the discovery process the individual Defendants together with the Plaintiffs have agreed to limited discovery by deposition.

Specifically, discovery of the individual Defendants shall be limited to taking the deposition of any individual Defendant who moves to dismiss or in the alternative for Summary Judgment and other Defendants and third-party witnesses, minus Fields and Bonner. In addition, the individual Defendant or Defendants' deposition shall be limited to the factual

or legal basis that the individual Defendant raised in his or her Motion to Dismiss or in the alternative for Summary Judgment.  Specifically, excluded from the proper scope of the deposition are any questions regarding the County's or Sheriff Bonner's liability to the Plaintiff under any theory of recovery.  Within a reasonable time following any of the Individual Defendants' depositions, the County shall produce documents if those documents are immediately and directly related to the individual Defendant's qualified immunity defense.

    This Agreed Protective Order shall survive the termination of this litigation.  The parties must receive written permission from the Court to amend the terms of this Order.

    **SO ORDERED**, this 13th day of June, 2024.

     s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE