**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARILYN DONALD, as next-of-kin and wrongful death representative of the late MARCUS DONALD, in her individual capacity, and CHARLES DONALD, as next-of-kin and wrongful death representative of the late MARCUS DONALD, in his individual capacity, | ) | |
| Plaintiffs, | ) | No. 2:23-cv-02738-TLP-atc |
| | ) | JURY DEMAND |
| v. | ) | |
| FLOYD BONNER, JR., et al., | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

Pursuant to Local Rule 16.2, a Scheduling Conference was held on September 9, 2026. Present were Jacob Webster Brown, counsel for Plaintiffs, and Josef Horowitz, counsel for Defendants. At the Conference, the following dates were established as the final deadlines for:

**ALTERNATIVE DISPUTE RESOLUTION**:

**(a)** **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a)**:
January 15, 2027

Mediator must file Mediation Certification Form:
https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

**(b)** **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

**MEDIATOR'S NAME**:

**STIPULATION FILING DATE**: December 11, 2026

(If the parties fail to agree upon a Mediator by this deadline, the Court shall select

a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: April 7, 2027

(a) **WRITTEN DISCOVERY**[1]: April 7, 2027

(b) **DEPOSITIONS**: April 7, 2027

(c) **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

(1) **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION**: February 8, 2027

(2) **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION**: March 8, 2027

(3) **EXPERT WITNESS DEPOSITIONS**: April 7, 2027

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS**: May 7, 2027

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: April 7, 2027

**FILING DISPOSITIVE MOTIONS**: May 7, 2027

**FILING MOTIONS IN LIMINE**: September 17, 2027, by close of business

**JOINT PROPOSED PRETRIAL ORDER DUE:** September 17, 2027, by close of business (E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE**: September 24, 2027, at 1:30 p.m.

**JURY TRIAL**: October 25, 2027, at 9:30 a.m. Trial is anticipated to last approximately 6 days.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

**Any party who files a document on the docket under seal must, within 7 days, file a notice addressing the need for that document to remain under seal considering the law about the public's right of access to the Court.**

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

The parties are ordered to engage in ADR before the close of discovery. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. And under LR 16.3(d), within seven (7) days after the mediator submits the Mediation Certification, the parties shall file a notice confirming that ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**SO ORDERED**, this 10th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE